UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20189-CIV-MORENO

GUARANTEE INSURANCE COMPANY,

    Plaintiff,

vs.

OLD REPUBLIC GENERAL INSURANCE CORP. d/b/a OLD REPUBLIC CONSTRUCTION GROUP, INC.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

This Declaratory Action is a dispute between insurance companies requesting this Court decide whether Plaintiff or Defendant's worker's compensation policy covers an employee severely injured in an accident during the Fontainebleu Hotel's renovation. Because the Court finds the factors in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005) favor adjudication in the state courts, the Court grants the Defendant's Motion to Dismiss.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 10)**, filed on **February 23, 2012**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED for the reasons stated in this Order. It is also

**ADJUDGED** that all other pending motions are DENIED as moot.

## I. BACKGROUND

Plaintiff, Guarantee Insurance Company, brings this declaratory judgment action pursuant to 28 U.S.C. § 2201(a), seeking to determine its potential liability and the duties owed under Defendant Old Republic General Insurance Corp.'s policy. This case stems from a worker's compensation claim filed by a worker injured in the 2006 renovation of the Fontainebleu Hotel. The claim was adjudicated by a Judge of Compensation Claims, whose order is on appeal to the Florida District Court of Appeal.

The underlying contractual relationship is alleged by the Plaintiff, Guarantee Insurance Company, in the complaint. The Fontainebleu contracted with Turnberry Construction as its general contractor on the renovation project. Turnberry, in turn, contracted with Matrix Construction Group, Inc. to provide labor and carpenters for the project. Matrix subsequently entered into a subcontract with Hefzi-Ba Applied Quality, Inc. to provide labor on certain construction work on the project.

Before starting its renovation, the Fontainebleu Hotel purchased an owner-controlled insurance program ("OCIP"), which is known as wrap-up insurance from Defendant Old Republic General Insurance Corp.. In the construction industry, a wrap-up policy is an insurance vehicle purchased by an owner of a large construction project that generally provides consolidated on-site coverage for the entire project, including worker's compensation coverage. Wrap-up insurance programs provide a single source for construction insurance that covers all the contractors and subcontractors on a project. In addition to Old Republic's OCIP policy with the Fontainebleu, Old Republic issued an identical policy to Matrix Construction Group, Inc. Under an OCIP, the property owner procures one set of insurance policies for a fixed premium that insure most of the companies working on the project, and attempts to recover the premium through the contractors and

subcontractors.

Turnberry's contract with Matrix required Matrix to enroll in the OCIP. Matrix was also obligated to assure that each sub-subcontractor enrolls in the OCIP within five (5) days of contracting, or no less than 45 days before mobilization. The Matrix subcontract with Hefzi-Ba also required Hefzi-Ba to enroll in the OCIP. Old Republic issued a comprehensive worker's compensation insurance policy to the Fontainebleu.

Plaintiff alleges that Matrix never actually informed its subcontractor Hefzi-Ba about the enrollment requirement. Instead, Matrix included Hefzi-Ba's hours worked and its payroll in Matrix's own reporting forms to the insurance broker. Matrix's principal, Mr. Angel Acosta, testified that he believed that by including Hefzi-Ba's employees' hours and pay, they would be covered under Old Republic's OCIP. Matrix did pay the insurance premium change orders that related to this over-stated payroll.

Although Matrix believed Hefzi-Ba to be covered under the Old Republic OCIP policy, Matrix also required Hefzi-Ba to obtain its own insurance, which Hefzi-Ba procured from the Plaintiff in this action, Guarantee Insurance Company. Old Republic initially accepted a worker's compensation claim by a Hefzi-Ba employee on its belief that Mr. Douglas Soriano was Matrix's employee. Later, Old Republic denied the claim.

Matrix initiated suit with the Judge of Compensation Claims pursuant to Florida Statute Section 440.42(4); OJCC Case No. 08-015571HHH, Miami-Dade Division, seeking reimbursement for all benefits and monies expended along with a determination that Guarantee, Hefzi-Ba's direct insurer, was responsible for all future benefits and costs. Old Republic maintained in that proceeding that Hefzi-Ba was not insured under the OCIP.

On December 5, 2011, Judge Harnage, the Judge of Compensation Claims in this case, issued its ruling against Plaintiff Guarantee and determined that Hefzi-Ba is not insured under the OCIP. Plaintiff Guarantee is now before this Court requesting a declaratory judgment that Hefzi-Ba is entitled to coverage under Old Republic's OCIP, because the Fontainebleu Hotel intended that all contractors and subcontractors be enrolled in the OCIP, Matrix had an affirmative duty under the contract documents to enroll all subcontractors, and because Matrix's principal believed that by its actions of including Hefzi-Ba's employees and hours worked, Hefzi-Ba was covered under the OCIP.

## II. LEGAL ANALYSIS

The Declaratory Judgment Act is an "enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 278 (1995). It only gives federal courts competence to make a declaration of rights; it does not impose a duty to do so. *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). Considering our system of federalism, the Supreme Court cautioned that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942).

Mindful of the principles of comity and federalism that underly the *Brillhart* decision, the Eleventh Circuit propagated a series of factors to inform the discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts. Federal district courts are to consider the following factors:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relationships at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" – that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331. The list is neither "absolute nor is any one factor controlling. . .." *Id.*

The crux of Plaintiff's position in this case is that the state and federal cases present different legal issues. Plaintiff argues that the Judge of Compensation Claims is a court of limited jurisdiction and cannot address the estoppel and reformation of contract issues. Indeed, a review of the Judge of Compensation Claims' Final Merits Decision reflects that he ruled as follows: "I reject Guarantee's argument that insurance coverage under the OCIP is created, for

Hefzi-Ba, by estoppel based on the conduct of Matrix. It is settled Florida law that insurance coverage cannot be created by estoppel." *See* Final Merits Decision, Judge of Compensation Claims, Case No. Case No. 08-015571HHH. Despite this clear ruling and without significant analysis, Plaintiff concludes the *Ameritas* factors weigh against dismissal of this declaratory action.

The Court will analyze the factors in light of the state court order in the parallel proceeding and the pending state appeal. Florida has a long-recognized interest in having worker's compensation insurance issues decided by a Judge of Compensation Claims. The Florida Supreme Court wrote:

> [I]t would appear to be within the peculiar competence of a [Judge of Compensation Claims f/k/a Industrial Judges] to decide the existence or non-existence of insurance coverage when relevant to a workmen's compensation problem. . . [The compensation judges] develop an expertise that equips them to handle effectively matters relating to workmen's compensation. This is so even though in a different posture similar problems might properly be referred to a court of equity or law.

*Fireman's Fund Ins. Co. v. Rich*, 220 So. 2d 369, 317-72 (Fla. 1969). Rich was a case that involved the Judge of Compensation Claims deciding estoppel issues, as we have in this case, on an allegedly expired policy. *Id.* Here, the Plaintiff is asking the Court to consider whether Defendant Old Republic is estopped from arguing its policy does not cover the incident based on Matrix's practices of including Hefzi-Ba's employees on its payroll for the OCIP. Accordingly, the Court finds the state's interests in deciding insurance matters relating to worker's compensation is well-established under Florida law.

Another factor that weighs in favor of dismissal is that the state courts are in a better position

to evaluate the facts of this case and in fact, the Judge of Compensation Claims' decision did do so. In his Final Merits Order, the Judge of Compensation Claims flatly rejected Guarantee's claim that Hefzi-Ba was an additional insured under the OCIP policy or Matrix's policy. The Plaintiff requests this Court to oversee the work of the Judge of the Compensation Claims, a role that rests plainly with the Florida Appellate Court. Undoubtedly, the District Court of Appeal, whose jurisdiction includes routine appeals of worker's compensation coverage issues, is in a better position to evaluate the issues. Fla. R. App. P. 9.180.

Serving as a "Monday-morning quarterback" is not the role Congress intended for the federal courts in the Declaratory Judgment Act. If this Court were to adjudicate this case, currently on appeal in the state courts, it would create the sort of friction between the two systems that the Eleventh Circuit cautioned against in *Ameritas*. Accordingly, the Court grants the motion to dismiss finding several factors weigh strongly in favor of adjudication in the state courts.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of September, 2012.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record